UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pamela Blaylock f/k/a Pamela Urman, and
Ervin Blaylock; Jeffrey A. Anderson and
Patricia Anderson; John B. Nelson and
Jody Nelson; Douglas Eugene Halver;
Mary Kay L. Ervin-Talbot; Kang Xiong,

          Plaintiffs,

   v.

Wells Fargo Bank, N.A.; Mortgage
Electronic Registration Systems, Inc.;
MERSCORP, Inc.; HSBC Bank USA, N.A.;
HSBC Mortgage Services, Inc.; and
Federal National Mortgage Association,

          Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-693 ADM/LIB

_____

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Charles F. Webber, Esq., and Trista M. Roy, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., HSBC Bank USA, N.A., and Federal National Mortgage Association.

Alan H. Maclin, Esq., Benjamin E. Gurstelle, Esq., and Mark G. Schroeder, Esq., Briggs & Morgan, PA, Minneapolis, MN, on behalf of Defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., and HSBC Bank USA, N.A.

Chad A. Snyder, Esq., and Michael H. Frasier, Esq., Snyder Gislason Frasier LLC, Minneapolis, MN, on behalf of Defendants HSBC Bank USA, N.A. and HSBC Mortgage Services, Inc.
_____

On June 29, 2012, the undersigned United States District Judge issued a Memorandum Opinion and Order [Docket No. 43] ("June 29, 2012 Order") requiring counsel for Federal National Mortgage Association, HSBC Bank USA, N.A., MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, N.A. to submit affidavits attesting to fees and costs they had incurred in the above-captioned matter since April 19, 2012. After the

required affidavits were provided, counsel for Plaintiffs, William B. Butler, Esq. ("Butler"), raised two objections. The first objection asserts Wells Fargo Bank, N.A. should not be awarded attorneys' fees because they did not move for sanctions in a timely manner. The second objection avers the Court failed to consider counsel's ability to pay the ordered sanctions, and therefore the additional payment of attorneys' fees is unwarranted. Both objections are overruled.

This action involves multiple Plaintiffs each alleging claims against six individual Defendants. See Notice of Removal [Docket No. 1] Att. 3 ("Summons and Compl."). Complicating matters is that different attorneys and law firms are representing some of the same Defendants against claims pursued by different Plaintiffs. Faegre Baker Daniels LLP attorneys Charles F. Webber and Trista M. Roy represent Defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., HSBC Bank USA, N.A., and Federal National Mortgage Association against claims by Plaintiffs John B. and Jody Nelson, Douglas Eugene Halver, Kang Xiong, and Jeffrey A. and Patricia Anderson (collectively, the "Wells Fargo Defendants"). See Defs.' Mot. to Dismiss All Claims [Docket No. 3]. Briggs and Morgan, P.A. attorneys Mark G. Schroeder, Alan H. Maclin, and Benjamin E. Gurstelle represent Defendants HSBC Bank USA, N.A., Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc. against claims by Plaintiffs Pamela and Ervin Blaylock (collectively, the "Blaylock Defendants"). See Defs. HSBC, MERS, and MERSCORP's Mot. for Fees and Costs Under 28 U.S.C. § 1927 [Docket No. 48] ("Blaylock Defs.' Mot. for Fees"). Snyder Gislason Frasier LLC attorneys Chad A. Snyder and Michael H. Frasier represent Defendants HSBC Bank USA, N.A. and HSBC Mortgage Services Inc. against claims by

Plaintiffs Mark Kay L. Ervin-Talbot and Pamela and Ervin Blaylock (collectively, the "Ervin-Talbot Defendants").  See Mot. to Dismiss [Docket No. 7].

Butler argues Wells Fargo Bank, N.A. did not file a timely motion for sanctions and attorneys' fees.  Contrary to the assertion by Butler, Wells Fargo Bank, N.A. filed a timely motion for Rule 11 sanctions on May 17, 2012.  See Defs.' Mot. for Rule 11 Sanctions Against Pls.' Counsel [Docket No. 35].  The case docket reflects that motion was the only Rule 11 sanctions motion filed in this proceeding, and the motion was granted by the June Order.  See June 29, 2012 Order at 22.  Further, contrary to Butler's allegations, Wells Fargo Bank, N.A. is explicitly named in the June Order granting sanctions and attorneys' fees.  Id.  In his Memorandum in Opposition to Motions for Attorney Fees [Docket No. 54], Butler references a motion for sanctions filed on behalf of Defendant Wells Fargo Bank, N.A. four months after the initial Complaint was filed.  A review of the record does not reflect any such motion.  The record shows Defendants HSBC Bank USA, N.A., Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc., and not Wells Fargo Bank N.A., filed a motion for attorneys' fees on July 13, 2012, roughly four months after the February 27, 2012 Complaint was filed in state court.  See Summons and Compl.; Blaylock Defs.' Mot. for Fees.  Therefore, Butler's objection to the referenced motion is understood to be an objection to the Blaylock Defendants' Motion for Fees and not to Wells Fargo Bank, N.A., as argued in the opposition memorandum.

Butler frames the Blaylock Defendants' Motion for Fees as a request for sanctions pursuant to Rule 11.  This is incorrect. The Blaylock Defendants' Motion for Fees requests the court grant attorneys' fees and costs pursuant to the court's inherent ability to award fees and costs under 28 U.S.C. § 1927.  That motion, however, is unnecessary since the June 29 Order

already established an award of fees and costs under § 1927 was justified due to "William Butler's unreasonable and vexatious multiplication of these proceedings since April 19, 2012." June 29, 2012 Order at 22. The Blaylock Defendants' Motion for Fees does not seek imposition of additional Rule 11 sanctions against Butler.

The June 29, 2012 Order directed Defendants' counsel to submit affidavits documenting fees and costs incurred since April 19, 2012. This award of attorneys' fees was not predicated on the filing of a motion for sanctions or a motion for attorneys' fees. 28 U.S.C. § 1927 grants a court the power to award attorneys' fees and costs against attorneys who unreasonably and vexatiously multiply court proceedings. Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1011 (8th Cir. 2006). Since April 19, 2012, all Defendants have been affected by Butler's vexatious behavior. All of the Plaintiffs, through Butler, attempted to remand the proceeding to state court despite clear lack of merit, and all Plaintiffs, again through Butler, refused to voluntarily dismiss this action. All Defendants were equally affected by Butler's unreasonable behavior and are accordingly all deserving of relief under 28 U.S.C. § 1927. This is not to be construed as levying additional sanctions against Butler. Nor is this to be construed as pecuniarily punishing Plaintiffs. The award of attorneys' fees and costs is to be paid by Butler, not Plaintiffs themselves.[1] See Kan. Pub. Emps. Ret. Sys. v. Reimer & Kroger Assocs., 165 F.3d 627, 630

---

[1] Butler suggests that attorneys' fees and costs are unreasonable because he is unable to pay. This bald argument, unsupported by evidence, is unconvincing. United States District Judge Patrick J. Schiltz's thorough Order in Welk v. GMAC Mortg., LLC, — F.Supp.2d —, No. 11–CV–2676, 2012 WL 1035433 (D. Minn. Mar. 29, 2012), documents the tactics Butler has used to amass a vast group of clients. As documented in Welk, an initial retainer fee of $4,000 coupled with a $400 monthly fee has allowed Butler to generate large sums of money in fees alone. Id. at *24. Considering the nature of the lawsuits filed by Butler, namely that each lawsuit contains multiple plaintiffs, further documents Butler's ability to generate income on baseless, discarded legal theories. Finally, the recent avalanche of nearly duplicative lawsuits

(8th Cir. 1999) (noting that 28 U.S.C. § 1927 only authorizes an award of attorneys' fees from counsel, not from the parties themselves). The purpose of awarding attorneys' fees is to limit abuse of the judicial process and to discourage frivolous litigation practices. See, e.g., Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980) (noting the importance of § 1927 sanctions is taxing lawyers who multiply legal proceedings). The Court will therefore consider the reasonableness of all the attorneys' fees submitted.

Defendants submitted timely affidavits and declarations detailing the costs incurred in defending this matter since April 19, 2012. The Court finds that the attorneys' fees documented are reasonable. Butler admits that the submitted $30,372.40 in fees "appear reasonable" and does not specifically contest any of the attorneys' fees set forth in the various affidavits. Mem. in Opp'n to Mots. for Att'y Fees at 1. The established starting point in determining if a fee amount is reasonable requires a calculation of the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The reasonableness of a fee hinges on a number of factors, including "the [requesting party's] overall success; the necessity and usefulness of the [requesting party's] activity in the particular matter for which fees are requested; and the efficiency with which the [requesting party's] attorneys conducted that activity." Jenkins by Jenkins v. Missouri, 127 F.3d 709, 718 (8th Cir. 1997). The reasonable hourly rates established by Magistrate Judge Jeffrey J. Keyes'

---

Butler has filed within this district further erodes his assertion of his inability to pay. See June 29, 2012 Order, at 17 n.3 (providing the case names and citations to the thirty-three lawsuits Butler had filed prior to June 29, 2012, alleging similar claims). Although no declaration was filed in this case attesting to the financial status of Butler, this Court has reviewed his financial information in another pending Butler case and has determined that the attorneys' fees in this case are within Butler's ability to pay.

5

complete analysis in Murphy v. Aurora Loan Services, LLC, — F.Supp.2d —, Civ. No. 11-2750, 2012 WL 1574122 (D. Minn. May 4, 2012), a case nearly identical to the one at issue here, provided the framework for at least some of Defendants' counsels' hourly rates in the instant case. See Aff. of Mark Schroeder [Docket No. 50] (noting that the minimum reasonable rate Murphy announced for experienced partners was used despite the fact that the partner working billed at a higher rate than the established $325 per hour); Decl. of Thomas M. Hefferon [Docket No. 51] (explaining the rates billed were pinned off the Murphy decision despite the fact that Thomas M. Hefferon and W. Kyle Tayman typically billed at higher rates). In fact, the only counsel for Defendants who billed at a higher rate than what Judge Keyes established as the minimum in Murphy was Gregory J. Marshall, who billed $382.50 per hour. Aff. of Chad A. Snyder in Supp. of HSBC Mortgage Services Inc. Req. for Att'y Fees [Docket No. 49] Ex. B, at 4. Marshall only worked 3.9 hours on the matter; the bulk of the work was completed by associate Irina Tanurcov, who billed $171 per hour. See id. (documenting that Tanurcov billed 19.3 hours at $171 per hour as compared to Gregory J. Marshall's $382.50 hourly rate for 3.9 hours). Moreover, some Defendants are not attempting to recover every dollar spent defending against these unreasonable and vexatious proceedings. See, e.g., Decl. of Thomas M. Hefferon, at 2-3 (noting that the more than twenty-five hours spent defending against Plaintiffs' claims were not being requested in attorneys' fees).

Although Judge Keyes concluded in Murphy that $325 per hour was a reasonable *minimum* rate for experienced partners, this Court finds the $325 rate billed by most of the experienced partners in this matter appropriate. This rate is reasonable and sufficient to both recover expended money and to satisfy the purposes of 28 U.S.C. § 1927. To remain consistent,

the $382.50 per hour billed by Marshall will be amended to $325 per hour.  Therefore, the total amount of attorneys' fees awarded to Snell & Wilmer L.L.P. is reduced to $4,567.80.

Counsel representing the Wells Fargo Defendants submitted a declaration attesting to the total amount of attorneys' fees necessitated by this matter.  Decl. of Charles F. Webber Regarding Att'ys' Fees and Costs [Docket No. 52].  This declaration does not, however, provide the hourly rates of the billing attorneys.  Therefore, the reasonableness of the attorneys' fees requested by the Wells Fargo Defendants cannot be determined until the Court is given documentation that their rates are commensurate with the other Defendants.  This information shall be provided to the Court within one week of the issuance of this Order.  Thus, for purposes of this Order, the $13,078.35 requested by the Wells Fargo Defendants will not be awarded at this time.

Pursuant to the above discussion, the total amount of attorneys' fees found reasonable and able to be awarded at this juncture is $17,069.80.  While still significant, the fee amount requested here is noticeably lower than what has already been deemed reasonable in similar matters.  While this fact alone does not allow the Court to forgo its own analysis and rubber-stamp its approval, it is highly persuasive.  Viewed in concert with the above analysis of the submitted affidavits, $17,069.80 is a reasonable amount of attorneys' fees.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Attorney William B. Butler's Memorandum in Opposition to Motions for Attorney Fees [Docket No. 54] is **DENIED**.

2. Attorney William B. Butler is **ORDERED** to pay Defendants' attorneys' fees as follows:

    a. On behalf of Defendant HSBC Mortgage Services, Inc., attorney's fees of $1,575.00 to Snyder Gislason Frasier LLC.

    b. On behalf of Defendants HSBC Bank USA, N.A. and HSBC Mortgage Services, Inc., attorneys' fees of $4,567.80 to Snell & Wilmer L.L.P.

    c. On behalf of Defendants HSBC Bank USA, N.A., Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc., attorneys' fees of $7,559.50 to Briggs and Morgan, P.A.

    d. On behalf of Defendants HSBC Bank USA, N.A., Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc., attorneys' fees of $3,367.50 to Goodwin Procter, LLP.

3. Faegre Baker Daniels LLP attorneys representing Defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., HSBC Bank USA, N.A., and Federal National Mortgage Association, are directed to file with the Court within seven days of the issuance of this Order, further documentation of the costs incurred in defending this action in accordance with this Order.

4. Upon determination of the reasonableness of Faegre Baker Daniels LLP attorneys' fees, this Court will issue an Order establishing the total amount of attorneys' fees and setting the date by which those fees must be paid.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  August 21, 2012.