UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pamela Blaylock f/k/a Pamela Urman, and
Ervin Blaylock; Jeffrey A. Anderson and
Patricia Anderson; John B. Nelson and
Jody Nelson; Douglas Eugene Halver;
Mary Kay L. Ervin-Talbot; Kang Xiong,

      Plaintiffs,

  v.                      **ORDER**
                          Civil No. 12-693 ADM/LIB

Wells Fargo Bank, N.A.; Mortgage
Electronic Registration Systems, Inc.;
MERSCORP, Inc.; HSBC Bank USA, N.A.;
HSBC Mortgage Services, Inc.; and
Federal National Mortgage Association,

      Defendants.

_____

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Charles F. Webber, Esq., Jessica Z. Savran, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., HSBC Bank USA, N.A., and Federal National Mortgage Association.

_____

On August 22, 2013, attorneys for Defendants requested an Order to Show Cause [Docket No. 69] as to why Plaintiffs' counsel, William B. Butler, should not be held in contempt for failure to pay any amount of sanctions and Defendants' attorneys' fees ordered by the undersigned United States District Judge.

Since this request, on December 26, 2013, the Eighth Circuit, United States Court of Appeals, suspended Butler from practicing law before it. In re Butler, No. 12-9013 (8th Cir. Dec. 26, 2013) (order of suspension). As a result, Butler was automatically suspended from practicing law before this Court. See Local Rule 83.6(b)(1).

The above titled action is only one of several cases where Butler has been ordered to pay sanctions, but has refused to pay. On January 21, 2014, Judge Patrick J. Schiltz held Butler in contempt for failure to pay sanctions ordered by the Court. Welk v. GMAC Mortg., No. 11-2676, 2014 U.S. Dist. LEXIS 7108 (D. Minn. 2014). In a thorough review of Butler's finances, Judge Schiltz found Butler has the resources to pay at least some of the many sanctions and attorney fee judgments. Id. at *16. But in light of the Eighth Circuit's suspension of Butler's attorney's license, Judge Schiltz decided to "defer a decision on the appropriate remedy for Butler's contempt until the Court is able to determine whether Butler makes a good-faith effort to pay his sanctions as a result of the suspension imposed under D. Minn. L.R. 83.6(b)(1)." Id. at *24. The Court will follow Judge Schiltz's lead.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for an Order to Show Cause [Docket No. 69] is **GRANTED**;

2. Further proceedings in this matter are stayed until **William B. Butler** is reinstated to practice law before the District of Minnesota.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 27, 2014.